**Ina M. KING, Plaintiff,**

**v.**

**The NEW YORK TELEPHONE COMPANY, INC., and the Telephone Traffic Union (New York), Defendants.**

**No. 84 CV 0810.**

United States District Court, E.D. New York.

June 7, 1985.

Flamhaft, Levy, Kamins, Hirsch & Booth, Brooklyn, N.Y., for plaintiff; Harold J. Johnson, Brooklyn, N.Y., of counsel.

Bernard Yaker, Robert J. Karlebach, New York City, for defendant New York Telephone Co.

Calamari & Calamari, New York City, for defendant Telephone Traffic Union—New York; Andrew M. Calamari, New York City, of counsel.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is an action under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Plaintiff alleges wrongful discharge by defendant New York Telephone Company (the "Company") and breach of the duty of fair representation by defendant Telephone Traffic Union (New York) (the "Union"). Both defendants have moved for summary judgment, Fed.R.Civ.P. 56, claiming the action is untimely. For the reasons developed below, the motions are granted.

### Facts

The undisputed material facts are as follows. From May, 1967 until January 18, 1982, plaintiff was employed by the Company and represented by the Union. She was discharged on January 18, 1982 because of excessive absence due to illness. Shortly thereafter, on February 19, 1982, plaintiff demanded that the Union institute a grievance proceeding in her behalf.

Pursuant to a collective bargaining agreement between defendants, a four-step procedure exists for resolving employee grievances. Article XV of the agreement provides that if the grievance procedure does not resolve the employee's claim, the Union may submit the claim to arbitration. In order to take advantage of this provision, however, the Union must make a written demand therefor within 30 days after receipt of the Company's written reply to a step-four grievance.

On October 1, 1982, the Company denied plaintiff's step-four grievance. Six months later, on April 27, 1983, Union officials requested that the Union Executive Board seek arbitration of plaintiff's case. Plaintiff did not learn of this request for arbitration until the Union sent her a letter on June 28, 1983.

After numerous inquiries to Union officials about the arbitration, plaintiff met with them on August 2, 1983. At that meeting she and the Union signed letters, dated July 29, 1983, demanding arbitration. The demand was refused in a letter to the Union from the Company dated August 25, 1983. Plaintiff claims that the Union did not notify her of this letter until October 6, 1983, and that the Company never notified her directly of its refusal to arbitrate. This action was commenced on February 24, 1984.

### Discussion

The parties agree that the actions against both the Company and the Union under § 301 of the LMRA are governed by

a six-month statute of limitations. *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 2281, 103 S.Ct. 2281, 2293–94, 76 L.Ed.2d 476 (1982); *Assad v. Mount Sinai Hospital,* 725 F.2d 837, 838 (2d Cir.1984) (per curiam). The claims against both accrue "no later than the time when [plaintiff] knew or reasonably should have known that [a breach of the duty of fair representation] had occurred." *Santos v. District Council of New York City,* 619 F.2d 963, 969 (2d Cir.1980); *see Hungerford v. United States,* 307 F.2d 99, 102 (9th Cir.1962) (claim accrues "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged [violation]").

Plaintiff would have the Court believe that her claims accrued on October 6, 1983, the date she learned that the Company refused to arbitrate her grievance. The complaint itself, however, and plaintiff's own affidavit in opposition to this motion, disclose that plaintiff knew or reasonably should have known well before that date of the Union's breach of its duty.

After being fired on January 18, 1982, plaintiff "immediately complained to the union." Affidavit of Ina King ¶ 5. On February 19, 1982, she demanded that the Union begin a grievance proceeding. Complaint ¶ 36. Plaintiff goes on to state that it was not until the meeting on August 2, 1983, 19 months after she was fired, that she learned "that during the period February 19, 1982 through October 1, 1982 the union handled my grievance with the company on a four (4) step basis." King Affidavit ¶ 6. Curiously, however, paragraph 48 of the complaint alleges that on June 28, 1983, the Union wrote to plaintiff informing her of its intention to demand arbitration—an obvious indication that the grievance procedure was completed, and that the 30–day period in which to demand arbitration had to have commenced no later than that date.

The Union had breached its duty of fair representation in November, 1982, when the 30–day period to demand arbitration expired. Drawing all reasonable inferences in favor of plaintiff (the party opposing summary judgment), the absolute latest date on which she knew, or in the exercise of reasonable diligence should have known, that her claims against the Union and the Company accrued was August 2, 1983. On that date she became aware that her step-four grievance had been denied October 1, 1982, 10 months earlier.

In *Metz v. Tootsie Roll Industries, Inc.,* 715 F.2d 299 (7th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984), the Court affirmed the dismissal of plaintiff's complaint, holding that:

> At some point prior to the six month statutory period, the appellant should have realized that the Union was taking no action on her behalf. The appellant cannot be allowed to sit back and claim a lack of notice in light of circumstances such as these. Since the alleged violation, which consisted of union inactivity, should have been discovered by a reasonably diligent claimant prior to the statutory period, the [*Santos*] test is satisfied.

*Id.* at 304. In light of plaintiff's allegation that she immediately complained to the Union upon being fired in January, 1982, her failure to inquire into the status of her grievance until mid-1983 is inexcusable.

Even assuming plaintiff did not know of the Union's breach until August 2, 1983, her time to commence this action expired February 2, 1984, three weeks before the complaint was filed. Accordingly, I hold that this action is untimely against both the Union and the Company. *Metz v. Tootsie Roll Industries, Inc., supra,* 715 F.2d at 306.

For the foregoing reasons, defendants' motions for summary judgment are granted. The Clerk of the Court is directed to enter judgment for defendants, and to dismiss plaintiff's complaint.

SO ORDERED.