**Ina M. KING, Plaintiff–Appellant,**

v.

**The NEW YORK TELEPHONE COMPANY, INC., and the Telephone Traffic Union (New York), Defendants–Appellees.**

**No. 869, Docket 88–7950.**

United States Court of Appeals,
Second Circuit.

Argued March 16, 1989.

Decided April 19, 1989.

Harold J. Johnson, Brooklyn, N.Y. (Flamhaft Levy Kamins Hirsch & Booth, Brooklyn, N.Y., of counsel), for plaintiff-appellant.

Lon S. Bannett, New York City (Bernard Yaker, New York City, of counsel), for defendant-appellee The New York Telephone Co., Inc.

Andrew M. Calamari, Bronx, N.Y. (Calamari & Calamari, Bronx, N.Y., of counsel), for defendant-appellee The Telephone Traffic Union (New York).

Before MESKILL, MINER and MAHONEY, Circuit Judges.

PER CURIAM:

We consider this suit for a second time, now with a more complete factual record. Plaintiff-appellant Ina King was employed by defendant-appellee The New York Tele-

phone Company, Inc. ("NYTEL"), and was a member of defendant-appellee The Telephone Traffic Union ("Union"). As a result of extensive absence due to illness, King was terminated from the company's employ in January 1982.

Soon after, King requested the Union to institute grievance proceedings with NYTEL. The collective bargaining agreement between NYTEL and the Union called for a four-step grievance procedure, followed by arbitration should the outcome of the grievance procedure prove unsatisfactory. To initiate arbitration, the agreement required the Union to file a written demand within thirty days of receiving written notification of NYTEL's denial of the grievance.

NYTEL denied King's grievance on October 1, 1982. The Union, however, failed to demand arbitration within the following thirty days. Indeed, it was not until June 28, 1983 that the Union advised King by letter that it would take her case to arbitration. Subsequently, on August 2, 1983, King met with Union officials, who prepared and sent a letter to S.W. Johnson, NYTEL's Division Staff Manager, Labor Relations, demanding arbitration. Johnson replied to the Union by letter dated August 25, 1983, refusing to arbitrate because of the expiration of the thirty-day period. King was not informed of this refusal until October 6, 1983, when she received from the Union a copy of Johnson's letter.

King commenced this suit on February 24, 1984, against NYTEL for wrongful discharge, pursuant to section 301 of the Labor–Management Relations Act, 29 U.S.C. § 185 (1982), and against the Union for breach of duty of fair representation. The district court granted summary judgment for both defendants, finding that the six-month term of the applicable statute of limitations, *see* 29 U.S.C. § 160(b) (1982) (National Labor Relations Act), had expired. *King v. New York Telephone Co.*, 610 F.Supp. 252 (E.D.N.Y.1985). Applying the standard enunciated in *Santos v. District Council of New York City*, 619 F.2d 963, 969 (2d Cir.1980), the district court determined that King knew or reasonably should have known by August 2, 1983 that

her claims against both defendants had accrued; thus, the action should have been commenced within six months of that date, or February 2, 1984—three weeks before her complaint was filed. 610 F.Supp. at 254.

We reversed and remanded for a fuller development of the factual record. *King v. New York Telephone Co.*, 785 F.2d 31 (2d Cir.1986). To grant summary judgment, we explained, "[f]irst, we would have to assume that King was aware or reasonably should have been aware on August 2nd that there was a thirty-day period" to demand arbitration, and "[s]econd, we would be required to infer that King ... knew or reasonably should have known that the Union had done nothing to preserve its right to demand arbitration." *Id.* at 34. Moreover, we noted that King reasonably might have relied on the June 28 letter, in which the Union advised her that it would take the matter to arbitration. *Id.* We cautioned that "[n]ormally employees do not have the expertise, knowledge or experience to interpret the complicated substantive and procedural provisions of a collective bargaining agreement." *Id.* (quoting *Schum v. South Buffalo Ry. Co.*, 496 F.2d 328, 331 (2d Cir.1974)).

From the discovery conducted on remand, additional facts have come to light. King admitted that in November or December of 1982 she read the grievance and arbitration provisions of the agreement to see how they related to her problems. She retained a lawyer, Harold Johnson, in April of 1983, and he was present at the August 2nd meeting. Further, according to King, a Union official named Ms. Currie told her on March 30, 1983 that "Mr. Johnson [of NYTEL] denied the grievance and said it was lapsed and there was nothing he could do," that is, "the time had passed." King testified also that representations were made by the Union only that it would "try to get legal permission to arbitrate," and again at the August 2nd meeting that it would "try to get arbitration."

Following discovery, defendants moved for summary judgment, and accompanied their motions with statements of material facts not in dispute, pursuant to Rule 3(g)

of the Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York. Although King submitted an affidavit and counsel's affirmation in response to defendants' motions for summary judgment, she did not submit a Rule 3(g) statement. Because of this, the district court deemed as admitted and uncontroverted the facts in defendants' Rule 3(g) statements. It accordingly granted defendants' motions for summary judgment.

Regardless of King's failure to comply strictly with the terms of Rule 3(g), we think the facts are clear that King knew, or reasonably should have known, certainly no later than August 2, 1983, of the expiration of the thirty-day period and of the Union's failure to preserve its rights to arbitration. Further, any reliance on the Union's overtures to attempt arbitration would be unreasonable, particularly in light of King's representation by counsel.

Summary judgment in favor of defendants-appellees therefore was proper and the judgment of the district court is affirmed.