■ GARY G. STOERZINGER, Respondent, v BIG V SUPERMARKETS, INC., Appellant.—Appeal from an order of the Supreme Court (Cobb, J.), entered June 28, 1991 in Columbia County, which denied defendant's motion for summary judgment dismissing the complaint.

To establish a prima facie case of negligence in a slip and fall action, plaintiff must demonstrate that defendant had actual or constructive notice of the condition (see, *Edwards v Terryville Meat Co.,* 178 AD2d 580; *Benware v Big V Supermarkets,* 177 AD2d 846, 847; *Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, 250, *affd on opn below* 64 NY2d 670). Initially, we note that there is no evidence that defendant had actual notice of the allegedly dangerous condition. The issue remaining, therefore, is whether plaintiff has established that defendant had constructive notice of the condition which allegedly caused his fall. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837). Plaintiff testified at his examination before trial that he did not notice any water on the mat prior to his fall. His further testimony that it had been raining for 30 to 40 minutes before he entered the supermarket does not establish when, within that period, the water had allegedly accumulated or that it existed for any length of time so as to give defendant the opportunity to discover and remedy the situation. As such, we find plaintiff's proof insufficient to establish constructive notice (see, *Paolucci v First Natl. Supermarket Co.,* 178 AD2d 636; *Torri v*

*Big V,* 147 AD2d 743). Supreme Court's order denying defendant's motion for summary judgment must therefore be reversed and the complaint dismissed *(see, Fasolino v Charming Stores,* 77 NY2d 847; *Benware v Big V Supermarkets, supra).*

Weiss, P. J., Levine, Crew III, Mahoney and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.