**Evelyn RIVERA, Plaintiff,**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION, Defendant.**

**No. 90 Civ. 5201 (JMC).**

United States District Court, S.D. New York.

Dec. 27, 1993.

---

480

---

## MEMORANDUM AND ORDER

CANNELLA, District Judge:

Defendants' motion for summary judgment is held in abeyance for a duration of sixty days from the date of this Order so as to allow plaintiff to conduct such discovery and to collect such evidence, in compliance with the form specified in Rule 56 of the Federal Rules of Civil Procedure and the local civil rules of this Court, as may be necessary to demonstrate the existence of a genuine issue for trial. Fed.R.Civ.P. 56(f). At the expiration of this sixty-day period, defendant may reassert its motion for summary judgment for dismissal of plaintiff's complaint by filing notice thereof with the Clerk of this Court, and by serving a copy of such notice upon

plaintiff's counsel. Should it so move, defendant should resubmit to the Court, and serve upon plaintiff's counsel, a duplicate of both its original motion papers for summary judgment and its original reply papers in connection therewith, as previously submitted to this Court. The time frame for the return date of this motion, and the time frame and form for the plaintiff's opposition to this motion and the defendant's reply thereto, shall be in accordance with Rule 56 of the Federal Rules of Civil Procedure and the local civil rules of this Court.

## BACKGROUND

The instant action presents a classic slip-and-fall negligence claim that, having been removed from the state court system of the State of New York, comes before this Court through its diversity jurisdiction. The defendant now moves for summary judgment seeking the dismissal of plaintiff's claim. Plaintiff, in turn, contends that this motion is premature and requests additional time for discovery. Although, as will be discussed, plaintiff has failed to submit a statement of material facts alleged to be in dispute, as is required by Local Civil Rule 3(g) of the United States District Courts for the Southern and Eastern Districts of New York, the Court concludes that the record before it is sufficient to justify a limited extension of the time for discovery in accordance with the Court's Order as set forth above.

Viewed in the light most favorable to the plaintiff, the facts of this case are as follows. In the morning of September 20, 1989, plaintiff Evelyn Rivera was commuting to her place of employment at the Morgan Station branch of the United States Post Office located at 31st Street and 9th Avenue in Manhattan. Shortly after 7:00 A.M. on this rainy morning, Ms. Rivera set foot upon a descending escalator, identified as escalator #26B, located at 32nd Street and 7th Avenue, near Madison Square Garden. Upon getting on the escalator, Ms. Rivera claims that, stepping with her right foot, she attempted to walk down one step to the succeeding escalator stair. Ms. Rivera asserts that, at this instant, her right foot slipped on a dark liquid substance on the stair of the escalator, causing her to fall backwards. As a result of this fall, Ms. Rivera broke her left ankle. In considerable pain, she then stood herself upon her right foot, and hopped off the escalator when it reached the bottom. She was then met by Officer Blake, an Amtrak police officer, who spoke with Ms. Rivera regarding her injury, inspected the accident site, and prepared a police report. In particular, Officer Blake noted in his report that he did not observe any hazardous condition. *See* Amtrak Exh. F. An ambulance soon arrived to take Ms. Rivera to a hospital.

On June 29, 1990, Ms. Rivera brought suit, under a negligence theory of recovery, in the Supreme Court of the State of New York for Bronx County against both defendant National Railroad Passenger Corporation [hereinafter "Amtrak"], the owner of the escalator, and Otis Elevator Company, Inc.[1] This action was removed to the United States District Court for the Southern District of New York in August 1990.

Defendant Amtrak brings this motion for summary judgment contending that plaintiff Rivera is unable to present a genuine issue for trial. Defendant argues that summary judgment should be granted for the dismissal of the complaint because plaintiff is unable to proffer any evidence that Amtrak, through its employees, was on notice—whether actual or constructive—of the alleged hazardous conditions that caused Ms. Rivera to fall. Defendant further argues that summary judgment should be granted because plaintiff has failed to include, in its papers opposing defendant's motion, a statement of material facts in dispute, as is required by Local Civil Rule 3(g) of this judicial district. Defendant contends that because Amtrak has asserted in its 3(g) statement that the absence of notice is not in genuine dispute, and plaintiff has failed to controvert this assertion in a 3(g) statement of its own, no triable issue therefore is presented as to the defendant's notice of any hazardous condition. In addi-

---

1. Plaintiff alleged in her complaint that Otis Elevator Company, Inc. participated in the maintenance and operation of the escalator. The claims against defendant Otis were discontinued with prejudice pursuant to a Stipulation of Discontinuance dated February 5, 1992.

tion, defendant argues that because the parties earlier had stipulated before this Court to a discovery cut-off date that preceded the filing of defendant's motion, and that, in any event, plaintiff had sufficient time to take the pertinent depositions before the filing of this motion, plaintiff now can not contend that defendant's motion is premature on account of insufficient discovery. While the Court does not look lightly upon the plaintiff's procedural shortcomings, as will be explained, the Court nevertheless regards the record before it as evincing a sufficient kernel of dispute so as to justify a limited continuance for further discovery.

## DISCUSSION

I. *Standards for Granting Summary Judgment*

■ Rule 56(c) of the Federal Rules of Civil Procedure provides that a district court shall grant a motion for summary judgment if it determines that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Under this standard, summary judgment is proper if "viewing the record in the light most favorable to the nonmoving party, the evidence offered demonstrates that there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law." *Pension Benefit Guar. Corp. v. LTV Corp.*, 875 F.2d 1008, 1015 (2d Cir.1989) (internal quotations omitted), *rev'd on other grounds*, 496 U.S. 633, 110 S.Ct. 2668, 110 L.Ed.2d 579 (1990). In making this determination, the court's role is not to resolve disputed factual issues, but rather to reach a conclusion as to whether there exists "a genuine and material issue for trial." *Hudson Hotels Corp. v. Choice Hotels Int'l, Inc.*, 995 F.2d 1173, 1175 (2d Cir.1993).

■ The mere existence of disputed factual issues is not enough to defeat a motion for summary judgment. *See Knight v. United States Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987); *Quarles v. General Motors Corp.*, 758 F.2d 839, 840 (2d Cir.1985) (per curiam). Rather, "the re-

quirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original). An issue of fact is "genuine" if it provides a basis for "a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). With regard to materiality, the substantive law dictates which facts are material. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

■ The party moving for summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. *See Consarc Corp. v. Marine Midland Bank, N.A.*, 996 F.2d 568, 572 (2d Cir.1993) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970)). This burden may be met by demonstrating that there is a lack of evidence to support the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party satisfies this initial burden, the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). If the nonmoving party is unable to establish the existence of an element essential to its case on which it bears the burden of proof at trial, a genuine issue of material fact cannot exist "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552.

■ Where the nonmoving party is unable to demonstrate the existence of a genuine issue of material fact, but the court is nevertheless satisfied that a triable issue may be presentable upon further discovery, the court may order a continuance pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. Turning to the instant case, plaintiff Rivera contends that defendant's application for

summary judgment is "premature," arguing that the deposition witness for the moving party lacked knowledge about how the escalators were maintained at the time of the accident, thereby preventing the development of a factual record on the question of notice. Plaintiff also contends through her counsel's affidavit that additional depositions are required to be taken of employees of the firm that Amtrak engaged to maintain the escalator upon which Ms. Rivera slipped and fell. Before the Court considers this matter, however, the Court shall first consider the effect of plaintiff's failure to include within its opposition papers a statement of material facts alleged to be in dispute, as is required by Local Civil Rule 3(g), insofar as the Court's determination of the ramifications of plaintiff's procedural default could obviate the need for considering whether a continuance should be granted.

## II. Effect of Plaintiff's Failure to Include a 3(g) Statement

■ Defendant claims that summary judgment should be granted dismissing the complaint because plaintiff has failed to submit a short and concise statement of the material facts alleged to be in dispute, as is required by Local Civil Rule 3(g) of the United States District Courts for the Southern and Eastern Districts of New York.[2] Therefore, defendant argues, plaintiff should be deemed to have admitted all facts alleged in defendant's 3(g) statement, including item 6 thereof which states that "[d]efendant had no actual or constructive notice of the alleged condition of the escalator prior to or at the time of the accident." Amtrak Local Civil Rule 3(g) Statement, item 6.

Although some district courts within the Southern and Eastern Districts of New York, in light of the circumstances of the particular case, have strictly construed Local Rule 3(g)

to deem admitted as fact the allegations contained in the movant's Rule 3(g) statement, see, e.g., Goldberg v. Colonial Metal Spinning and Stamping Co., 92 Civ. 3721 (JFK), 1993 WL 361672, at *2-3, 1993 U.S.Dist. LEXIS 12732, at *5-*6 (S.D.N.Y. Sept. 2, 1993), the district courts within these same judicial districts have been more flexible in their construction of this rule where other overriding concerns have been present. Chief among these concerns has been the courts' desire to prevent the elevation of procedure over substance where the evidence submitted by the parties has pointed to the existence of disputed material facts. See, e.g., Heath v. Super Glue Corp., 90–CV–1249 (RJD), 1993 WL 276976, at *2-3, 1993 U.S.Dist. LEXIS 9902, at *7 (E.D.N.Y. July 14, 1993) ("[D]espite the inadequacy of defendant's Rule 3(g) statement, the Court has reviewed defendant's submissions and determined that material issues of fact exist which preclude dispositive action at this time."); Koal Indus. Corp. v. Asland, S.A., 808 F.Supp. 1143, 1152 (S.D.N.Y.1992) (citations omitted) ("[T]he Court may look beyond the 3(g) statements to other materials such as affidavits, depositions and documentary evidence, submitted in connection with the motion."); Wasserman v. The City of New York, 802 F.Supp. 849, 858 (E.D.N.Y.1992) (construing an affirmation of plaintiff's counsel containing a recitation of facts as a statement of disputed issues of material fact, and thereby satisfying Local Civil Rule 3(g)); Citibank, N.A. v. Outdoor Resorts of Am., Inc., 91 Civ. 1407 (MBM), 1992 WL 162926, at *3-4, 1992 U.S.Dist. LEXIS 9624, at *10-*11 (S.D.N.Y. June 29, 1992) (considering factual issues set forth in brief in opposition to motion for summary judgment and the related affidavits submitted in connection therewith where no 3(g) statement was submitted); Herbstein v. Bruetman, 799 F.Supp. 1450,

---

**2.** Local Civil Rule 3(g) provides as follows:

Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement constitutes grounds for denial of the motion.

The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried.

All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

1453 (S.D.N.Y.1992) (treating plaintiff's affidavits as complying with Local Rule 3(g) where no 3(g) statement was submitted); *see also McNeil v. Aguilos,* 831 F.Supp. 1079, 1086 (S.D.N.Y.1993) (waiving failure to include a 3(g) statement where nonmoving party was a pro se plaintiff); *Delgado v. Koehler,* 90 Civ. 7066 (SS), 1993 WL 227715, at *1, 1993 U.S.Dist. LEXIS 8405, at *3 (S.D.N.Y. June 19, 1993) ("[I]t would be premature to accept all of the facts contained in defendant's Rule 3(g) statement simply because of [the pro se] plaintiff's initial failure to file a response."); *Morrison v. Blitz,* 88 Civ. 5607 (PNL), 1992 WL 75088, at 1, 1992 U.S.Dist. LEXIS 3946, at *2 (S.D.N.Y. Apr. 1, 1992) ("In some circumstances, the denial of a motion because of a party's failure to heed local rules of civil practice would be pointless championing of form over substance.").

■ In addition, the relationship between Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 3(g), as considered in the context of the facts that defendant Amtrak asserts within its 3(g) statement, warrants the rejection of defendant's argument that summary judgment should be granted on account of plaintiff's procedural default. Logic suggests that Local Rule 3(g) was enacted to aid the district court in reaching its Rule 56 determination as to whether a genuine issue of material fact exists. *Cf. Dawson Indus. v. Affiliated FM Ins. Co.,* 145 F.R.D. 327, 329 (S.D.N.Y.1992) (construing Second Circuit precedent to imply that strict construction of Local Rule 3(g) may not be required when the nonmoving party has complied with Rule 56(e) of the Federal Rules of Civil Procedure by submitting affidavits that raise a genuine issue of material fact) (citing *King v. New York Tel. Co.,* 873 F.2d 36, 38 (2d Cir.1989); *Dusanenko v. Maloney,* 726 F.2d 82, 84 (2d Cir.1984)). Where the facts that the movant asserts not to be in genuine dispute are either (i) not based on personal knowledge as supportable through affidavit, deposition, or documentary evidence, or (ii) "conclusory facts"—which are not really facts at all, but rather conclusions of law, such as the presence or absence of constructive notice—the failure to contradict such assertions through an adversarial 3(g) statement should

not be fatal to the civil action in and of itself. *See* Fed.R.Civ.P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."); *Miano v. Home Lines,* 85 Civ. 1579 (SWK), 1987 WL 5798, at 2, 1987 U.S.Dist. LEXIS 100, at *4–*5 (S.D.N.Y. Jan. 9, 1987) ("[C]onclusory statements and statements not made on personal knowledge do not comply with the requirements of Rule 56(e) of the Federal Rules of Civil Procedure and, therefore, may not be considered ... on defendant's motion for summary judgment.") (citing *Union Ins. Soc'y v. William Gluckin & Co.,* 353 F.2d 946, 952 (2d Cir.1965)). Indeed, a grant of summary judgment resting upon a tacit allowance of Local Civil Rule 3(g) to trump the concerns for personal knowledge set forth in Rule 56(e) of the Federal Rules of Civil Procedure would be tantamount to the tail wagging the dog.

Turning to the instant case, defendant asserts in item 6 of its 3(g) statement that there is no genuine dispute that "[d]efendant [lacked] actual or constructive notice of the alleged condition of the escalator prior to or at the time of the accident." Amtrak Local Civil Rule 3(g) Statement, item 6. For purposes of determining the effect of plaintiff's procedural default, this assertion fails to foreclose the material fact issues of (i) defendant's actual knowledge of any hazardous condition, and (ii) what, if any, precautionary measures defendant took with respect to the maintenance of the escalator upon which plaintiff Rivera slipped and fell. The Court reaches this conclusion on the basis of two reasons, each of which the Court regards as dispositive. First, defendant has not submitted to the Court any evidence—in the form of affidavit, deposition transcript, or documentation—that supports its assertion as to this matter. The only evidence it has submitted that even remotely touches upon this issue of fact is the deposition testimony of Mr. Kevin Hume, an employee of Amtrak who was assigned to the maintenance of the escalator upon which Ms. Rivera fell. Mr. Hume testified that, at the time of the acci-

dent, the cleaning of the escalator in question was delegated to an independent maintenance firm. *See* Amtrak Reply Aff., Deposition of Kevin Hume, at 11. Mr. Hume further testified that he lacked knowledge as to any reports that Amtrak received from the maintenance firm, the type of escalator-cleaning procedures that the firm employed, or the frequency or regularity of such cleaning procedures. *See id.* at 19–20. Accordingly, defendant's assertion concerning notice within its 3(g) statement lacks the personal-knowledge foundation that is essential for its consideration by the Court on this motion for summary judgment. *See* Fed.R.Civ.P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge....").

Second, defendant's assertion within its 3(g) statement that there was neither actual nor constructive notice of a hazardous condition constitutes an ultimate or conclusory fact, and as such is not to be considered as part of the factual record to be evaluated by this Court. Fed.R.Civ.P. 56(e) requires that the affidavits supporting a motion for summary judgment set forth *facts* made on personal knowledge. *See* Fed.R.Civ.P. 56(e). The legal conclusions or inferences that a court may draw from an array of facts "cannot be utilized on a summary judgment motion." 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2738, at 489 (1983). Because the term "notice," as it relates to plaintiff's cause of action, is a legal buzzword that implicates whether the defendant has fulfilled its duty to act as a reasonably prudent person under like circumstances to protect the plaintiff from foreseeable risks, defendant's naked allegation of notice cannot form part of the factual record.

In sum, under the circumstances of the instant action, the Court rejects the defendant's contention that summary judgment should be granted dismissing the complaint because of certain alleged deemed admissions of fact resulting from plaintiff's failure to file a 3(g) statement. Thus, the Court will now turn its attention to plaintiff's ability to obtain a continuance for further discovery notwithstanding its inability to present at this juncture of litigation a genuine issue of material fact.

### III. *Availability of a Continuance*

Plaintiff, through her counsel's affidavit in opposition to defendant's motion for summary judgment, contends that defendant's motion is premature and that plaintiff should be allowed to complete its discovery before this motion is considered by the Court. In support of this contention, plaintiff asserts that "the deposition witness for the moving party lacked the requisite knowledge about how the escalators are generally maintained and therefore did not allow plaintiff an ample opportunity to inquire into fact that may shed light on the notice question." Tanenbaum Aff., item 7. Plaintiff further asserts that additional depositions are required to be taken of employees of the maintenance company that had been engaged by Amtrak at the time of plaintiff's accident to clean the escalator upon which Ms. Rivera slipped and fell. *See id.* item 8. As a result of this further discovery, plaintiff contends that she will be able to demonstrate that a recurring hazardous condition existed as to the accumulation of rainwater on the escalator in question so as to give rise to a triable fact issue of whether defendant Amtrak, through is agents and delegates, exercised reasonable care in maintaining the escalator in question. *See id.* items 9–10.

Defendant opposes plaintiff's request to delay consideration of this motion pending further discovery and sets forth three arguments in support of its opposition. First, defendant contends that its deponent, Kevin Hume, was a knowledgeable witness as to the how the escalator in question was maintained at the time of the accident. Second, defendant argues that given that the deposition of Mr. Hume was taken—in presence of plaintiff's counsel—in November 1991, and this motion for summary judgment was not filed by defendant until almost one year later, plaintiff had sufficient time to develop through discovery the factual record required for the sustenance of this action. Third, defendant argues that because the parties had entered into a stipulation agreeing that all discovery would be completed by

October 1, 1992, plaintiff should be estopped from asserting that it is unable to present a fact issue at this time because of insufficient discovery.

Rule 56(f) of the Federal Rules of Civil Procedure provides the procedural mechanism for a court's disposition of a motion for summary judgment where "the affidavits of a party opposing the motion ... cannot for reasons stated present ... facts essential to justify the party's opposition." Fed.R.Civ.P. 56(f). When this is the case, Rule 56(f) provides the district court with three alternatives for dealing with the motion for summary judgment. The court may (i) "refuse the application for judgment," (ii) "order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had," or (iii) "make such other order as is just." Fed.R.Civ.P. 56(f).

Under the law of the Second Circuit, a court's grant of a continuance for additional discovery is by no means automatic. "[A] mere hope ... that further evidence may develop prior to trial is an insufficient basis upon which to justify the denial of summary judgment." *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir.1993) (quotations omitted). Rather, a party seeking a continuance for further discovery "must file an affidavit explaining (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Hudson River Sloop Clearwater, Inc. v. Department of the Navy*, 891 F.2d 414, 422 (2d Cir.1989) (citing *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 926 (2d Cir.1985)).

In assessing plaintiff's compliance with the above-stated criteria for obtaining a continuance to conduct further discovery, the Court notes that plaintiff, through her counsel's affidavit, (1) has set forth the facts that are sought and how they are to be procured, and (2) has explained how these facts are reasonably expected to create a genuine issue of material fact. As to the third and fourth criteria, plaintiff's counsel directs the Court's attention to the deposition testimony of Mr. Kevin Hume, the Amtrak employee who was responsible for overseeing the maintenance of the escalator upon which Ms. Rivera slipped and fell, and this deponent's lack of personal knowledge as to said escalator's inspection status as of the time of Ms. Rivera's accident. Plaintiff's counsel, however, has not tendered any explanation as to why, in light of Mr. Hume's insufficient testimony, he has failed to take depositions of the relevant employees of the maintenance firm that Amtrak engaged at that time to maintain the escalator in question.

■ Upon balancing the circumstances of this case and the factual record that has been established through the defendant's submission of deposition transcripts, the Court concludes that a limited continuance for additional discovery is appropriate at this time. Despite the fact that plaintiff undeniably has been slow in prosecuting this case, the deposition transcripts that have been submitted nevertheless outline a negligence claim that, with additional factual foundation, could necessitate a trial to allow a jury to apply the reasonable person standard. *See Tragni v. Establissement Maritime Camille*, 705 F.2d 92, 94 (2d Cir.1983) (Summary judgment is inappropriate where the record reveals alleged facts that might establish the defendant's negligence.); *John Hancock Property and Casualty Ins. Co. v. Universale Reinsurance Co.*, 147 F.R.D. 40, 47 (S.D.N.Y. 1993) ("Fed.R.Civ.P. 56(f) 'should be applied with a spirit of liberality.'") (quoting Wright, Miller & Kane, *supra* § 2740); *Harvey v. NYRAC, Inc.*, 813 F.Supp. 206, 209–10 (E.D.N.Y.1993) (Continuance ordered even though "the affidavit of plaintiff's counsel is woefully deficient and only briefly refers to Rule 56(f)."). Under New York law, "[t]o establish a prima facie case of negligence in a slip and fall action, plaintiff must demonstrate that defendant had actual or constructive notice of the condition." *Stoerzinger v. Big V Supermarkets, Inc.*, 188 A.D.2d 790, 591 N.Y.S.2d 257, 257 (App.Div.3d Dep't 1992) (citations omitted). "'To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover

and remedy it.'" *Id.* (quoting *Gordon v. American Museum of Natural History,* 67 N.Y.2d 836, 501 N.Y.S.2d 646, 647, 492 N.E.2d 774, 775 (1986)). Based on the record (albeit limited) that is presently before the Court, and in light of the fact that plaintiff's claim is founded upon negligence, and necessarily implicates a reasonable person standard that is best applied by a jury, the Court is unwilling to deny the plaintiff her opportunity to go to trial at this juncture of litigation. *See PPX Enters. v. Transatlantic Corp.,* 92 Civ. 1749 (PKL), 1993 WL 300040, at 3, 1993 U.S.Dist. LEXIS 10775, at *7 (S.D.N.Y. Aug. 4, 1993) ("'Grants of summary judgment on an incomplete record are generally disfavored.'") (quoting *Long Island Lighting Co. v. Barbash,* 779 F.2d 793, 795 (2d Cir.1985)); *Kisling v. Home Line Cruises, Inc.,* 89 Civ. 1295 (RWS), 1990 WL 128926, at 1, 1990 U.S.Dist. LEXIS 11296, at *4 (S.D.N.Y. Aug. 29, 1990) ("[C]ourts are generally reluctant to grant summary judgment in negligence cases."). *But see Lamontagne v. E.I. Du Pont de Nemours & Co.,* 834 F.Supp. 576, 594 (D.Conn.1993) (defendant entitled to summary judgment where record revealed that it neither knew nor should have known of the danger); *Connors v. Consolidated Rail Corp.,* 90–CV–464, 1993 WL 169646, at *3, 1993 U.S.Dist. LEXIS 6670, at *10 (N.D.N.Y. May 18, 1993) (summary judgment granted to defendant on negligence claim); *Kisling,* 1990 WL 128926, at *2, 1990 U.S.Dist. LEXIS 11296, at *6 (motion for summary judgment granted to defendant dismissing negligence claim where plaintiff submitted no evidence supporting his allegation of actual or constructive notice). Further, deponent Hume's lack of knowledge as to how the escalator in question was maintained at the time of the accident does nothing to dissuade the Court from its conclusion that the interests of justice compel a further factual development requiring, at the very least, the taking of depositions by plaintiff of individuals with personal knowledge of the cleaning, maintenance and inspection methods of the escalator in question as of the time of Ms. Rivera's accident.

Nevertheless, the Court does not take lightly plaintiff's sluggish conduct of this litigation. Accordingly, as earlier set forth, the plaintiff will only be granted a sixty-day period from the date of this Order to conduct such discovery as plaintiff reasonably deems necessary. Defendant is likewise ordered to act in the utmost good faith to permit the plaintiff to arrange and to conduct such discovery and depositions as plaintiff may request within the time period that has been specified herein. In the absence of exceptional circumstances, the Court will be remiss to grant any further extension of time for discovery should the defendant renew its motion upon the expiration of this time allotment.

## CONCLUSION

Defendants' motion for summary judgment is held in abeyance for a duration of sixty days from the date of this Order so as to allow plaintiff to conduct such discovery and to collect such evidence, in compliance with the form specified in Rule 56 of the Federal Rules of Civil Procedure and the local civil rules of this Court, as may be necessary to demonstrate the existence of a genuine issue for trial. Fed.R.Civ.P. 56(f). At the expiration of this sixty-day period, defendant may reassert its motion for summary judgment for dismissal of plaintiff's complaint by filing notice thereof with the Clerk of this Court, and by serving a copy of such notice upon plaintiff's counsel. Should it so move, defendant should resubmit to the Court, and serve upon plaintiff's counsel, a duplicate of both its original motion papers for summary judgment and its original reply papers in connection therewith, as previously submitted to this Court. The time frame for the return date of this motion, and the time frame and form for the plaintiff's opposition to this motion and the defendant's reply thereto, shall be in accordance with Rule 56 of the Federal Rules of Civil Procedure and the local civil rules of this Court.

SO ORDERED.