104 F.3d 352
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
 Walter BOLASZEWSKI, Plaintiff-Appellant,
v.
GEORGIA-PACIFIC CORPORATION, United Steelworkers of America,
and United Steelworkers of America, Local 4867,
Defendant-Appellee.
 
 1
 No. 96-7226.
 
 
 2
 United States Court of Appeals, Second Circuit.
 
 
 3
 Nov. 8, 1996.
 
 
 4
 APPEARING FOR APPELLANT WALTER BOLASZEWSKI: Robert J. Kryzs, Amsterdam, N.Y. APPEARING FOR APPELLEE GEORGIA-PACIFIC CORPORATION: Denlinger, Rosenthal & Greenberg (Daniel G. Rosenthal, of counsel), Cincinnati, OH; Scolaro, Shulman, Cohen, Lawler & Burstein (Ted H. Williams), P.C., Syracuse, N.Y. APPEARING FOR APPELLEES UNITED STEELWORKERS OF AMERICA, AND UNITED STEELWORKERS OF AMERICA, LOCAL 4867: Blitman & King, LLP (Donald D. Oliver, of counsel), Syracuse, NY
 
 
 5
 N.D.N.Y.
 
 
 6
 AFFIRMED.
 
 
 7
 Before Honorable Wilfred Feinberg, Honorable Pierre N. Leval, Honorable Fred I. Parker, Circuit Judges,
 
 
 8
 Plaintiff Walter Bolaszewski appeals from an order of the United States District Court, Western District of New York (Pooler, J.) dismissing as untimely his action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. His complaint alleges that defendant Georgia-Pacific Corporation (Georgia-Pacific) wrongfully terminated his employment and that defendants United Steelworkers of America and its Local 4867 (collectively, the Union) breached their duty of fair representation.
 
 
 9
 In late December 1992, Georgia-Pacific terminated Bolaszewski, its employee since August 1989. On January 25, 1993, Bolaszewski met with a Union representative and sought to file a grievance about his termination. Under the collective bargaining agreement between Georgia-Pacific and the Union (the Agreement), the deadline for filing such a grievance was three days. Thereafter Bolaszewski retained his present counsel, Robert J. Kryzs, who between April and September of 1993 had several conversations with Union representatives, who informed him that his client's grievance was untimely and "could not be prosecuted to arbitration" because Georgia-Pacific would not waive the time limits for grievances contained in the Agreement with the Union.
 
 
 10
 During this period Kryzs also wrote the Union five letters inquiring about the status of Bolaszewski's grievance. Kryzs gave his client copies of these letters, which expressed dissatisfaction with the Union's handling of the grievance and, on two occasions, warned that Bolaszewski would file an action for breach of the duty of fair representation if the matter was not promptly prosecuted to his satisfaction.
 
 
 11
 In his final letter, dated September 25, 1993, Kryzs wrote: "Does the Union want to help Mr. Bolaszewski or not? If it does not, all it has to simply do is say so, and I will commence suit for breach of the fiduciary obligation to properly represent him pursuant to the Collective Bargaining Agreement." Kryzs also noted that the statute of limitations in such actions is short, but does not begin to run until the Union informs its member "that there is nothing further it can do." He closed the letter with the remark: "Please inform me of the Union's decision no later than October 6, 1993." The Union did not respond to this letter or to any of Kryzs's prior correspondence.
 
 
 12
 Over a year later, on October 28, 1994, Bolaszewski brought this action in state court. Defendants removed the action to federal court on December 20, 1994 and subsequently moved for summary judgment on the ground that Bolaszewski's claims were time-barred. The district court ruled that the statute of limitations for his claims began to run with the passing of Kryzs's self-imposed deadline of October 6, 1993 and thus expired more than six months before he filed his complaint in state court. Finding the doctrine of equitable estoppel inapplicable to this case, the district court dismissed his claims as untimely. We see no basis for reversal and affirm the ruling of the district court.
 
 
 13
 In a hybrid action for wrongful discharge and breach of the duty of fair representation, the statute of limitations is six months. DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 172, 103 S.Ct. 2281, 2294 (1983). This limitations period begins to run when the plaintiff "knows or reasonably should know that the union has breached its duty of fair representation." Flanigan v. International Bhd. of Teamsters, 942 F.2d 824, 827 (2d Cir.1991).
 
 
 14
 We agree with the district court that Bolaszewski's claim accrued on October 6, 1993. The Union had long treated his grievance with skepticism. When it did not respond to his attorney's threat and deadline, Bolaszewski "should have known" that the Union had no intention of further pursuing his grievance. See Cohen v. Flushing Hosp. & Med. Ctr., 68 F.3d 64, 68 (2d Cir.1995) (even if plaintiff entertains "hopes of future representation," his knowledge of union's present inaction is "sufficient to start the statute of limitations running"). See also King v. New York Tel. Co., 873 F.2d 36, 37-38 (2d Cir.1989) (although realization that union had breached its duty depended on interpretation of complicated collective bargaining agreement, summary judgment was appropriate because employee, who might otherwise have been unable to understand implications of Union's behavior, had retained an attorney). That Bolaszewski himself wrote another letter in May 1994 once again purporting to give the Union an additional week to inform him of its position does not extend or toll the limitations period. In October of 1993, it was abundantly clear that the Union would not address his claims.
 
 
 15
 The district court correctly found that equitable estoppel does not prevent the defendants from asserting the statute of limitations defense. To invoke this doctrine, Bolaszewski had to show that: (1) the defendants "made a definite misrepresentation of fact, and had reason to believe that [he] would rely on it"; and (2) he "reasonably relied on that misrepresentation to his detriment." Buttry v. General Signal Corp., 68 F.3d 1488, 1493 (2d Cir.1995). Because he has not shown that defendants made any misrepresentation that prevented him from timely filing his action, equitable estoppel does not apply to his case.
 
 
 16
 Nor does equitable tolling save Bolaszewski's claims. This doctrine allows a plaintiff to file a claim outside of the limitations period if "because of some action on the defendant's part, [he] was unaware that the cause of action existed." Long v. Frank, 22 F.3d 54, 58 (2d Cir.1994), cert. denied, 115 S.Ct. 938 (1995). Bolaszewski says that the Union's initial acceptance of his grievance and subsequent unresponsiveness concealed from him its breach of its duty. But the Union's failure to respond after Kryzs's deadline should have placed Bolaszewski on notice that the Union was not pursuing his grievance. The Union's silence in the face of that ultimatum should have erased any prior confusion and made its intentions perfectly clear. For this reason, equitable tolling after October 6, 1993 would be inappropriate.
 
 
 17
 We have reviewed Bolaszewski's other contentions and find them to be without merit.